[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Kenneth E. Soucy appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after his arrest on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
The sole basis of the plaintiff's appeal in this case is his contention that the hearing officer should not have admitted in evidence the written report of the police officer who arrested CT Page 8254 the plaintiff on the drunk driving charge. More particularly, the plaintiff argues that the arresting officer, Trooper David E. Rice of the state police, did not comply with the formalities of making an oath when he signed the report in question.
At the administrative hearing, Sergeant Patrick Gaffney of the state police testified that he administered the oath to Trooper Rice. He testified that he asked Rice if he swore to the truth of the statements in the report and that Rice answered affirmatively. Gaffney testified that he did not ask Rice to raise his right hand when he gave his oath, however, and that Rice did not do so. The plaintiff claims that this omission rendered the report inadmissible, citing General Statutes §1-22.
Section 1-22 sets forth the procedure for giving an oath, including the "holding up of the right hand," but there is nothing in that statute to suggest that the failure to follow the procedure precisely renders a document inadmissible as evidence in an administrative proceeding. Indeed, the statute even permits the official administering the oath to dispense with that part of the ceremony if the person giving the oath objects to it. The court holds that the failure to adhere precisely to the ceremony provided in § 1-22 does not render a document inadmissible in an administrative proceeding, provided, of course, the document is otherwise admissible.
The courts decision on this issue in this case is consistent with the general standard of admissibility in administrative proceedings. General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v. Civil Service Commission,4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987). At oral argument in this appeal, plaintiff's counsel agreed that there is nothing else to indicate that the police report is not reliable, and it is, of course, powerfully probative. The plaintiff's argument that the report was inadmissible may not be sustained.
The plaintiff's appeal is dismissed.
MALONEY, J. CT Page 8255